IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CLEARFIELD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NSI INDUSTRIES, INC., AND<br>NSI-LYNN ELECTRONICS, LLC,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Clearfield, Inc. ("Clearfield" or "Plaintiff") hereby submits its Complaint for Patent Infringement against Defendant NSI Industries, Inc. ("NSI Industries") and NSI-Lynn Electronics, LLC ("NSI-Lynn") (collectively, "NSI" or "Defendants") and alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to obtain damages resulting from Defendants' unauthorized and ongoing actions, in the state of North Carolina and elsewhere, of making, having made, using, selling, having sold, offering to sell, importing and/or having imported into the United States, products that infringe or enable the practice of one or more claims of Clearfield's United States Patent Nos. 9,297,976 ("the '976 Patent"), 9,678,285 ("the '285 Patent") and 10,007,068 ("the '068 Patent") (collectively, the "Asserted Patents"), including the "Pushable/Pullable Bullet Fiber" (the "Accused Product").

2. This is an action for direct infringement. Upon information and belief, Defendants make, have made, use, sell, have sold, offer to sell, import, and/or have imported into

the United States the Accused Product, which infringes or enables the practice of one or more claims of the Asserted Patents, either literally or under the doctrine of equivalents.

3. In addition, this is an action for indirect infringement. Upon information and belief, Defendants contribute to and/or induce the direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the Asserted Patents.

## THE PARTIES

4. Clearfield is a Minnesota corporation having a principal place of business at 7050 Winnetka Avenue North, Suite 100, Brooklyn Park, Minnesota 55428.

5. Defendant NSI Industries, LLC is a North Carolina Limited Liability Corporation, having a principal place of business at 9730 Northcross Center Court, Huntersville, NC 28078.

6. Defendant NSI-LYNN Electronics, LLC is a California Limited Liability Corporation, having a principal place of business at 9730 Northcross Center Court, Huntersville, NC 28078.

7. Defendant NSI Industries, LLC is the parent corporation of and/or otherwise controls Defendant NSI-LYNN Electronics, LLC.

8. The Defendants are part of the same corporate structure and distribution chain for the making, using, selling, offering to sell, and/or importing of the Accused Product in the United States, including in North Carolina and this District.

9. The Defendants share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms.

## JURISDICTION AND VENUE

10. This lawsuit is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants because they are both located in this judicial district and have a regular and established place of business in this judicial district. Additionally, on information and belief, Defendants have, directly and/or through agents and/or intermediaries, committed acts and continue to commit acts of patent infringement in this District.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), because Defendants have committed acts of infringement and have a regular and established place of business in this judicial district.

## BACKGROUND

14. Clearfield is a leading provider of fiber protection, fiber management and fiber delivery solutions. Clearfield designs, manufactures and distributes fiber optic management, protection and delivery products for communications networks, including fiber optic cables and connectors.

15. Clearfield is the exclusive assignee and owner of all rights, title, and interest in the Asserted Patents, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

16. On information and belief, to the extent applicable, Clearfield has complied with 35 U.S.C. § 287.

## COUNT I
### (INFRINGEMENT OF THE '976 PATENT)

17. Clearfield re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

18. On March 29, 2016, the '976 Patent was duly and legally issued for "Optical Fiber Connector." The '976 Patent is in full force and effect. A true and correct copy of the '976 Patent is attached hereto as Exhibit 1 and made part hereof.

19. Clearfield is the assignee and owner of the '976 Patent with the exclusive right to enforce the '976 Patent against Defendants and the exclusive right to collect damages from Defendants for infringement of the '976 Patent for all relevant times, including the right to prosecute this action.

20. On information and belief, Defendants directly infringe, and have directly infringed, one or more claims of the '976 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Product.

21. As shown in the claim chart attached hereto as Exhibit 2, the Accused Product practices all elements of at least claim 1 of the '976 Patent.

22. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the '976 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continues to do so.

23. Defendants have knowledge of the '976 Patent and Clearfield's allegations of infringement at least as of the filing of this Complaint.

24. On information and belief, Defendants have and continue to knowingly and actively induce others to infringe the '976 Patent by acts including, but not limited to, selling the Accused Product, inducing others to sell or offer for sale the Accused Product, marketing the capabilities of the Accused Product, and providing, or making available, instructions, technical support, and/or other encouragement for the use of such products. For example, Defendants

encourage customers to contact them to obtain a quote and arrange the sale of the Accused Product through distribution partners, as well as to obtain product support. *See, e.g.*, Exhibits 3, 4. Defendants also advertise the Accused Product and provide instructions for its use. *See, e.g.*, Exhibits 3, 5, 6. On information and belief, at least one distribution partner and/or customer has directly infringed one or more claims of the '976 Patent.

25. On information and belief, Defendants also contribute to others practicing the '976 Patent. The Accused Product are not staple commodities of commerce and are not suitable for substantial non-infringing use. By providing the Accused Product, Defendants have contributed to the infringement of the '976 Patent by end-users, such as customers, who use the Accused Product.

26. As a result of Defendants' infringing conduct, Clearfield has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

## COUNT II
## (INFRINGEMENT OF THE '285 PATENT)

27. Clearfield re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

28. On June 13, 2017, the '285 Patent was duly and legally issued for "Optical Fiber Connector." The '285 Patent is in full force and effect. A true and correct copy of the '285 Patent is attached hereto as Exhibit 7 and made part hereof.

29. Clearfield is the assignee and owner of the '285 Patent with the exclusive right to enforce the '285 Patent against Defendants and the exclusive right to collect damages from Defendants for infringement of the '285 Patent for all relevant times, including the right to prosecute this action.

30. On information and belief, Defendants directly infringe, and have directly infringed, one or more claims of the '285 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Product.

31. As shown in the claim chart attached hereto as Exhibit 8, the Accused Product practices all elements of at least claim 1 of the '285 Patent.

32. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the '285 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continues to do so.

33. Defendants have knowledge of the '285 Patent and Clearfield's allegations of infringement at least as of the filing of this Complaint.

34. On information and belief, Defendants have and continue to knowingly and actively induce others to infringe the '285 Patent by acts including, but not limited to, selling the Accused Product, inducing others to sell or offer for sale the Accused Product, marketing the capabilities of the Accused Product, and providing, or making available, instructions, technical support, and/or other encouragement for the use of such products. For example, Defendants encourage customers to contact them to obtain a quote and arrange the sale of the Accused Product through distribution partners, as well as to obtain product support. *See, e.g.*, Exhibits 3, 4. Defendants also advertise the Accused Product and provide instructions for its use. *See, e.g.*, Exhibits 3, 5, 6. On information and belief, at least one distribution partner and/or customer has directly infringed one or more claims of the '285 Patent.

35. On information and belief, Defendants also contribute to others practicing the '285 Patent. The Accused Product are not staple commodities of commerce and are not suitable

for substantial non-infringing use. By providing the Accused Product, Defendants have contributed to the infringement of the '285 Patent by end-users, such as customers, who use the Accused Product.

36. As a result of Defendants' infringing conduct, Clearfield has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

## COUNT III
## (INFRINGEMENT OF THE '068 PATENT)

37. Clearfield re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

38. On June 26, 2018, the '068 Patent was duly and legally issued for "Optical Fiber Connector." The '068 Patent is in full force and effect. A true and correct copy of the '068 Patent is attached hereto as Exhibit 9 and made part hereof.

39. Clearfield is the assignee and owner of the '068 Patent with the exclusive right to enforce the '068 Patent against Defendants and the exclusive right to collect damages from Defendants for infringement of the '068 Patent for all relevant times, including the right to prosecute this action.

40. On information and belief, Defendants directly infringe, and have directly infringed, one or more claims of the '068 Patent either literally or under the doctrine of equivalents, without authority, consent, right, or license, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Product.

41. As shown in the claim chart attached hereto as Exhibit 10, the Accused Product practices all elements of at least claim 1 of the '068 Patent.

42. Defendants also actively induce and/or contribute to, and have induced and/or contributed to, infringement of the '068 Patent under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, and continues to do so.

43. Defendants have knowledge of the '068 Patent and Clearfield's allegations of infringement at least as of the filing of this Complaint.

44. On information and belief, Defendants have and continue to knowingly and actively induce others to infringe the '068 Patent by acts including, but not limited to, selling the Accused Product, inducing others to sell or offer for sale the Accused Product, marketing the capabilities of the Accused Product, and providing, or making available, instructions, technical support, and/or other encouragement for the use of such products. For example, Defendants encourage customers to contact them to obtain a quote and arrange the sale of the Accused Product through distribution partners, as well as to obtain product support. *See, e.g.*, Exhibits 3, 4. Defendants also advertise the Accused Product and provide instructions for its use. *See, e.g.*, Exhibits 3, 5, 6. On information and belief, at least one distribution partner and/or customer has directly infringed one or more claims of the '068 Patent.

45. On information and belief, Defendants also contribute to others practicing the '068 Patent. The Accused Product are not staple commodities of commerce and are not suitable for substantial non-infringing use. By providing the Accused Product, Defendants have contributed to the infringement of the '068 Patent by end-users, such as customers, who use the Accused Product.

46. As a result of Defendants' infringing conduct, Clearfield has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

# PRAYER FOR RELIEF

Wherefore, Clearfield requests the following relief:

A. Judgment that Defendants directly infringe one or more claims of the '976, '285, and '068 Patents literally and/or under the doctrine of equivalents;

B. Judgment that Defendants indirectly infringe one or more of the claims of the '976, '285, and '068 Patents literally and/or under the doctrine of equivalents;

C. Judgment that Defendants be held liable and ordered to account for and pay to Clearfield:

 1. Damages adequate to compensate Clearfield for Defendants' infringement of the '976, '285, and '068 Patents, in an amount no less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

 2. Trebled damages on account of Defendants' willful infringement of the '976, '285, and '068 Patents pursuant to 35 U.S.C. § 284;

 3. Clearfield's pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284; and

 4. Clearfield's reasonable attorneys' fees under 35 U.S.C. § 285;

D. Judgment and an Order permanently enjoining Defendants, their officers, agents, employees, and those acting in privity with them, from further direct and/or indirect infringement of the '976, '285, and '068 Patents; and

E. Judgment that Clearfield be granted such other and further relief as the Court may deem just and proper under the circumstances.

# JURY TRIAL DEMANDED

47. Clearfield hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This is the 6th day of March, 2024.

By: /s/ Jason D. Evans
Jason D. Evans, N.C. Bar No. 27808
Jason.Evans@troutman.com
Troutman Pepper Hamilton Sanders LLP
301 S. College St., 33rd Floor
Charlotte, NC 28202
(704) 916-1502

Griffin Mesmer, *pro hac vice forthcoming*
griffin.mesmer@troutman.com
Alison McCarthy, *pro hac vice forthcoming*
alison.mccarthy@troutman.com
Troutman Pepper Hamilton Sanders LLP
125 High Street, 19th Floor
Boston, MA 02110
(617) 204-5100

*Attorneys for Clearfield, Inc.*